**SO ORDERED.**

**SIGNED this 23 day of September, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

SHEARIN FAMILY INVESTMENTS, LLC,        Case Number 08-07082-8-JRL
                                        Chapter 11
    Debtor.
_____

**ORDER**

This matter came before the court on the debtor's motion to extend the automatic stay to stay three lawsuits pending against J. Marvin Shearin, II, the principal of the debtor. A hearing on this matter was held in Raleigh, North Carolina on September 9, 2009.

The debtor is the developer of a 70-unit high-rise condominium project in Indian Beach, North Carolina, known as the Nautical Club. In addition to completing construction on the condominium structure and adjacent boat storage facility, the debtor is also involved in marketing the available condominium units.

Since the filing of the petition, three lawsuits have been filed against Mr. Shearin in state court: John Butler Sales, Inc. v. Shearin Family Investments, LLC and J. Marvin Shearin, file 08 CVS 594, Carteret County, NC; Donald Tillman v. J. Marvin Shearin, file 09 CVS 069, Carteret County, NC; and Robert E. Morgan and Robert D. Parrott v. J. Marvin Shearin, file 09 CVS

2444, Pitt County, NC (collectively, "the lawsuits").  All three lawsuits, although basing their claims on differing legal theories, arise out of the failure of the debtor to complete and deliver a condominium unit to the respective plaintiffs in a timely manner.  The debtor contends that Shearin, as the sole representative of the debtor, is so intertwined in the reorganization efforts that to divert his attention from reorganization would irreparably harm the bankruptcy estate.  The debtor further contends that if the pending lawsuits are not stayed, it will be forced to indemnify Shearin pursuant to its operating agreement, thus further subjecting the estate to liability and harm.  Finally, if these lawsuits are not stayed, multiple other claimants who are similarly situated will be encouraged to sue Shearin directly.

     Generally, the provisions of 11 U.S.C. § 362(a) extend only to the debtor and not to third parties. In re First Central Financial Corp., 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999).  Therefore, lawsuits concerning a debtor's officers or directors are normally not stayed. Id.  Where a situation presents unusual circumstances, however, the court may extend the stay to protect the non-debtor. Id., 238 B.R. at 19.  An unusual circumstance has been defined as "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id., (quoting A.H. Robins Co., Inc., v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)).  Furthermore, pursuant to 11 U.S.C. § 105(a), the court may issue any order necessary to assure the appropriate administration of a bankruptcy case.  Enjoining a pending case against a guarantor may at times fit within this provision. Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.), 21 B.R. 777, 778 (Bankr. D.N.M. 1982).  However, for the court to grant such relief, the debtor must show: 1) irreparable harm to the bankruptcy estate if the injunction is not issued; 2) strong likelihood of success on the merits;

and 3) no harm or minimal harm to the other party or parties. Id., 21 B.R. 777 at 779.

At the hearing, Shearin asserted that he spends 95% of his time managing the debtor's project. Management includes overseeing contractors, site work, bookkeeping, secretarial matters, further development of adjacent property for construction of a boat dock facility, creating and maintaining a homeowners' association, and marketing. Although the debtor has been aided in selling and marketing the condominiums by two independent real estate brokers, the debtor maintains no employees besides Shearin.

The court finds that Mr. Shearin is deeply intertwined in the debtor's project. Having no other employees, Shearin's involvement is perhaps more important now in the final stages of completion than it was early on. Without the successful marketing and selling of condominium units, it is unlikely that the debtor will have a revenue stream to maintain a feasible reorganization plan. The underlying case is at a critical juncture, with imminent hearings on the validity of claims of prospective purchasers, and an amended plan to be filed as a result of those hearings. Further, the debtor is optimistic that, now that the building is finished, the amended plan may propose a treatment to the prospective purchasers that may moot some or all of the pending lawsuits. At any rate, it is clear to the court that the chance of a successful reorganization will be maximized by the ability of Shearin to devote his unfettered efforts to that end. While the claims presented in the lawsuits may be required to be resolved at some point in the future, the court finds that they should be presently stayed pending a hearing on confirmation of the debtor's plan to give the debtor every opportunity to succeed.

Based on the foregoing, the motion to stay the pending lawsuits is ALLOWED.

END OF DOCUMENT