**SO ORDERED.**

**SIGNED this 19 day of November, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| SHEARIN FAMILY INVESTMENTS, LLC, | 08-07082-8-JRL |
| DEBTOR. | |

### ORDER

This case is before the court on Robert E. Morgan and Robert D. Parrott's motion to reconsider the court's prior ruling to extend the automatic stay to three lawsuits pending against J. Marvin Shearin, II, the principal of the debtor. A hearing was held in Raleigh, North Carolina on November 10, 2009.

The debtor is the developer of a 70-unit high-rise condominium project in Indian Beach, North Carolina, known as the Nautical Club. In addition to completing construction on the condominium structure and adjacent boat storage facility, the debtor is involved in marketing the available condominium units. The debtor filed a Chapter 11 petition for bankruptcy on October 13, 2008.

Subsequent to the filing of the debtor's petition, Messrs. Morgan and Parrott filed a lawsuit against Mr. Shearin in state court. The lawsuit, Robert E. Morgan and Robert D. Parrott v. J. Marvin Shearin, file 09 CVS 2444, Pitt County, NC, arises out of the failure of the debtor to complete and

deliver condominium units to the plaintiffs in a timely manner.  More specifically, the suit seeks damages from Mr. Shearin as the debtor's guarantor on an obligation to pay interest and liquidated damages to the buyers for failure to deliver completed units in a timely manner.

On September 23, 2009, this court granted the debtor's motion to extend the automatic stay to three lawsuits pending against Mr. Shearin, including the suit brought by Messrs. Morgan and Parrott.  Messrs. Morgan and Parrott, however, did not receive proper notice of this motion and did not have an opportunity to oppose it.  As a result, the court granted them an opportunity to be heard on the matter and now reconsiders the extension of the automatic to the extent that it applies to Messrs. Morgan and Parrott.

Generally, the provisions of 11 U.S.C. § 362(a) extend only to the debtor and not to third parties. In re First Central Financial Corp., 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999). Therefore, lawsuits concerning a debtor's officers or directors are normally not stayed. Id. Where a situation presents unusual circumstances, however, the court may extend the stay to protect the non-debtor. Id., 238 B.R. at 19. An unusual circumstance has been defined as "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id., (quoting A.H. Robins Co., Inc., v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). Furthermore, pursuant to 11 U.S.C. § 105(a), the court may issue any order necessary to assure the appropriate administration of a bankruptcy case. Enjoining a pending case against a guarantor may at times fit within this provision. Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.), 21 B.R. 777, 778 (Bankr. D.N.M. 1982). However, for the court to grant such relief, the debtor must show: 1) irreparable harm to the bankruptcy estate if the injunction is not

issued; 2) strong likelihood of success on the merits; and 3) no harm or minimal harm to the other party or parties. Id., 21 B.R. 777 at 779.

On September 23, 2009, the court granted the debtor's motion to extend the automatic stay with respect to lawsuits against Mr. Shearin because of Mr. Shearin's vital and inseparable role in the success of the debtor's reorganization. In the course of its ruling, the court found that the chance of a successful reorganization will be maximized by Mr. Shearin's ability to devote his unfettered efforts toward the development and operation of the Nautical Club. It may be possible to parse out the claims of Messrs. Morgan and Parrott without disrupting the debtor's reorganization. However, the court sees no equitable way to parse out a single case without letting others go forward, which would ultimately disrupt and substantially hinder the debtor's ability to successfully reorganize and move forward.

Based on the foregoing, the court denies the motion to reconsider the extension of the automatic stay to third party lawsuits against Mr. Shearin. The court adheres to its prior ruling, which extends the automatic stay to the state court action brought by Messrs. Morgan and Parrott against Mr. Shearin. The stay will remain in place until the hearing on confirmation of the debtor's Chapter 11 plan.

**END OF DOCUMENT**